**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-CR-290 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER |
| JOEL CLARENCE VELISEK, | |
| Defendant. | |

Defendant Joel Clarence Velisek moves to identify informants and suppress evidence. (ECF Nos. 48–50.) United States Magistrate Judge Leo I. Brisbois denied the motion to identify informants and recommended that this Court deny the motions to suppress. (ECF No. 60.) Velisek appeals and objects. (ECF No. 63.) The Court denies the appeal and overrules the objection.

## BACKGROUND

Judge Brisbois's Order and Report and Recommendation thoroughly recount the relevant factual background (ECF No. 60); this Court incorporates that factual recitation by reference and repeats only those facts necessary for context. Joel Clarence Velisek is charged with possession with intent to distribute methamphetamine. (ECF No. 1.) Four confidential informants and one anonymous tipster told law enforcement that Velisek sold narcotics. (Gov. Ex. 1 at 5–7.) Based on that information and other evidence, a judge signed several search and tracking warrants. (Gov. Exs. 1–5.)

Using evidence from some of those warrants, law enforcement found Velisek driving a car. (Gov. Ex. 3 at 3–4.) When an officer attempted a stop, Velisek fled, and the officer pursued. (ECF No. 55 at 14.) Velisek stopped the car and fled on foot to a nearby

house, leaving the car unlocked with a door open. (*Id.* at 16.) Officers found drugs in the car. (*Id.* at 21.)

When officers interviewed Velisek, they read him his *Miranda* rights. (Gov. Ex. 6 at 1:21–1:38.) An officer asked if Velisek understood those rights, and Velisek said "yeah." (*Id.* at 1:39–1:41.) Officers asked if he had any questions about the rights, and he responded "no." (*Id.* at 1:41–1:43.) Officers then asked if it was alright if they had a quick conversation, and he said "yeah." (*Id.* at 1:44–1:47.) Officers proceeded with the interview.

Velisek moves for disclosure of informants and for suppression of evidence related to the search warrants, car search, and interview. (ECF Nos. 48–50.) Judge Brisbois denied the motion for disclosure and recommended that this Court deny the motions to suppress. (ECF No. 60.) Velisek appeals and objects. (ECF No. 63.)

## ANALYSIS

The Court starts with the difference between the standard of review of a magistrate judge's order and R&R. *Parreant v. Schotzko*, No. 00-2014 (JRT/JGL), 2001 WL 1640137, at *6 (D. Minn. Sept. 30, 2001). A magistrate judge issues an R&R on several pretrial motions, including a motion to suppress evidence. 28 U.S.C. § 636(b)(1)(A)–(B) (listing matters for which a magistrate judge may issue a recommendation). A magistrate judge issues orders on all other pretrial matters. *Id.*

A litigant may appeal an order or object to an R&R, and each comes with a different standard of review. A district court judge reviews an order deferentially—it will reverse only if the order is clearly erroneous or contrary to law. § 636(b)(1)(A). And a court reviews a report and recommendation de novo when there is an objection, and for clear error when there are no objections. § 636(b).

Judge Brisbois issued an order on the motion to disclose informants, and an R&R on the motion to suppress evidence. But Velisek "objected" to both and asserts that the Court must review de novo. (ECF No. 63 at 1.) While Velisek is correct that the Court reviews de novo the objected-to portions of the R&R on the motions to suppress evidence, the Court must review the order for disclosure of informants under the more deferential clear-error standard.

## I.    Motion for Disclosure of Informants

The government has a qualified privilege to withhold the identity of informants. *Roviaro v. United States*, 353 U.S. 53, 59–60 (1957). But when the defendant shows that the informant's identity is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61; *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001) (burden is on defendant). Disclosure is more important when an informant participated in the crime or was an eyewitness. *Devose v. Norris*, 53 F.3d 201, 206–207 (8th Cir. 1995). Mere tipsters need not be identified. *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001).

Judge Brisbois denied Velisek's motion, reasoning that the informants were mere tipsters. Velisek appeals. Velisek asserts that the confidential informants can provide evidentiary support for his theory of the case: that the drugs were not his and if he sold drugs, it was less than the alleged 50 grams. (ECF No. 63 at 4–9.)

Velisek's arguments fail to establish that the Order is clearly erroneous or contrary to law. Thus, the Court must deny the appeal. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007) ("The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential."). As Judge Brisbois explained, Velisek's charge is associated with his conduct on March 11, 2024.

(ECF No. 1.) No evidence suggests that the informants can attest to Velisek's conduct on that date, or that any of the drugs Velisek allegedly possessed were or were not his. The informants were mere tipsters—they did not participate in or witness the charged conduct—so disclosure is not required. The Court denies the appeal.

## II.    Motion to Suppress Searches and Seizures

This motion encapsulates challenges to the warrants and the car search.

### A.    *Warrants*

"The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978). A search warrant must be supported by probable cause. U.S. Const. amend. IV; *United States v. Gabrio*, 295 F.3d 880, 882 (8th Cir. 2002). "Probable cause exists when a practical, common-sense inquiry that considers the totality of the circumstances set forth in the information before the issuing judge yields a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Stevens*, 530 F.3d 714, 718 (8th Cir. 2008) (citation modified).

"When the issuing judge relied solely upon the supporting affidavit to issue the warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (citation modified). Reviewing courts accord "great deference" to the issuing judge's "determination as to whether an affidavit establishes probable cause." *Id.* (quoting *United States v. Leon*, 468 U.S. 897, 914 (1984)). "Judges may draw reasonable inferences from the totality of the circumstances in

determining whether probable cause exists to issue a warrant." *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008) (per curiam) (citation modified).

Velisek asserts the tipsters do not support probable cause. "[W]hen determining whether an informant's tip supports a finding of probable cause," the Court must "engage in 'a totality-of-the-circumstances analysis, which permits a balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending an informant's tip.'" *United States v. Nolen*, 536 F.3d 834, 839 (8th Cir. 2008) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). An informant is "entitled to some credibility," but the information must be corroborated by independent evidence— although to a lesser extent than if the informant was anonymous. *Id.* at 839–40; *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993).

As Judge Brisbois concluded, the four confidential informants and one anonymous tipster are reliable, corroborated by independent evidence and each other, and support finding probable cause. Three informants have a history of providing reliable information. *Gabrio*, 295 F.3d at 883. Further, three informants provided information against their penal interests by describing their personal involvement with Velisek, so those statements are "presumptively credible." *United States v. Leppert*, 408 F.3d 1039, 1042 (8th Cir. 2005).

Independent evidence supports finding reliability. Three informants and the anonymous tipster identified Velisek's home, which officers confirmed was owned by Velisek's mother. Officers found that Velisek's mother had passed away and Velisek had a history with law enforcement at that home. And one informant and the anonymous tipster identified Velisek's phone number. *United States v. Keys*, 721 F.3d 512, 518 (8th Cir. 2013).

The informants and anonymous tipster also corroborated each other. All informants and the anonymous tipster separately told law enforcement that Velisek sold narcotics, and the informants specified methamphetamine.

Velisek generally asserts that the informants have incentive to maximize Velisek's involvement to minimize their own, some of the informants have drug dependencies, and one is anonymous. But these arguments are insufficient to refute the strong corroborating evidence that supported the informants and anonymous tipsters.

Velisek further argues that issues with the first and second warrants taint the warrant to search the car, and that the warrant for the car is supported by insufficient evidence. After reviewing the warrants and their supporting affidavits, the Court concludes that the totality of the facts in the warrant application established probable cause to issue the warrants. The Court overrules Velisek's objection.

## B.   Car Search

The Fourth Amendment protects the "right of the people to be secure . . . against unreasonable searches and seizures." U.S. Const. amend. IV. But voluntarily abandoning property forfeits any reasonable expectation of privacy, rendering the search and seizure valid. *United States v. Segars*, 31 F.3d 655, 658 (8th Cir. 1994). The government bears the burden of establishing abandonment. *United States v. James*, 353 F.3d 606, 616 (8th Cir. 2003).

Velisek abandoned the car by leaving the engine running and door open before fleeing the police on foot. *United States v. Walton*, 538 F.2d 1348, 1351, 1354 (8th Cir. 1976) (defendant abandoned car by leaving car unlocked with the windows down on a public street while defendant fled). Velisek did not own the car, but he was driving it when

officers attempted a stop. A vehicle pursuit ensued until Velisek pulled over near a house. Velisek exited the car and fled toward the house. He left the car running with the keys in the ignition and the door open and unlocked. *United States v. Smith*, 648 F.3d 654, 660 (8th Cir. 2011) (defendant abandoned car by leaving the car on a public street, open, with keys in the ignition and the motor running, while defendant fled). Velisek thus relinquished any expectation of privacy in the car, so he cannot challenge the search. Velisek's objection is overruled.

### III.    Motion to Suppress Statements

Law enforcement must administer *Miranda* warnings before questioning an arrestee—failure to do so renders a subsequent statement inadmissible. *Michigan v. Tucker*, 417 U.S. 433, 445–46 (1974). If an arrestee waives their *Miranda* rights, then law enforcement may question them. *Davis v. United States*, 512 U.S. 452, 458 (1994). The government must show by a preponderance of the evidence that the defendant voluntarily waived their rights. *Colorado v. Connelly*, 479 U.S. 157, 168–69 (1986). These rights must be waived "voluntarily, knowingly and intelligently." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

Judge Brisbois rightly denied this motion to suppress because Velisek waived his *Miranda* rights, as documented on an audio recording. An officer read Velisek his *Miranda* rights, then asked Velisek if he understood those rights. Velisek immediately responded "yeah." The officer then asked if Velisek "had any questions about those rights." Velisek responded "no." This is an express waiver.

None of Velisek's objections alter the analysis. First, he points to *Smith v. Illinois*, 469 U.S. 91 (1984) (per curiam). *Smith* concludes that when an officer asks if the arrestee understands the right to counsel, and the arrestee responds "Uh, yeah. I'd like to do that,"

then the arrestee unambiguously invokes that right. *Id.* at 96–97. Velisek suggests that this waiver is only unambiguous because of the statement after "yeah."[1] But *Smith* is distinguishable. Responding "yeah" would have merely meant the defendant understood that right; adding "I'd like to do that" then invoked that right. And to the extent that Velisek's "yeah" did not unambiguously waive *Miranda* rights, the officer's follow-up questions erase any ambiguity.

Velisek makes additional factual arguments: Velisek murmured "yeah," the officers did not take precautions to ensure Velisek knew his rights, and the officers did not ask standard follow-up questions. These arguments are unconvincing and fail to engage with the officer's follow-up question asking whether Velisek understood his rights. The Court overrules the objection.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    The Report and Recommendation (ECF No. 60) is ACCEPTED;

2.    Velisek's Objection (ECF No. 63) is OVERRULED;

3.    The Order (ECF No. 60) is AFFIRMED;

4.    Velisek's Appeal (ECF No. 63) is DENIED;

---

[1] Velisek bases his analysis on another statement in *Smith*: "All right. I'll talk to you then." (ECF No. 63 at 19.) But that is not the statement *Smith* analyzes, so the Court applies Velisek's reasoning to the statement analyzed in *Smith*.

5.   Velisek's Motion to Suppress Searches and Seizures (ECF No. 49) is

DENIED; and

6.   Velisek's Motion to Suppress Statements (ECF No. 50) is DENIED;

Dated: May 1, 2026                                 BY THE COURT:

                                                   s/Nancy E. Brasel
                                                   Nancy E. Brasel
                                                   United States District Judge